UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

           Plaintiff,                    CASE NO. 16-CV-12426

        v.                            HON. GEORGE CARAM STEEH

RANDALL W. BROWN,

           Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (Doc. 10)**

      This is an action to recover on two student loans that defendant

Randall W. Brown obtained in 1984 totaling $9,100.  Now before the court

is the government's motion for summary judgment.  Pro se defendant has

not responded to the motion and the time period for doing so has expired.

For the reasons set forth below, the government's motion shall be granted.

**A. Factual and Procedural Background**

      In 1984, defendant obtained two Health Education Assistance Loans

totaling $9,100.  Defendant was granted deferments from July 1985 to July

1988.  Thereafter, defendant made payments on the loans until he defaulted in 2010.  After defendant's default, the Department of Health and Human Services ("HHS") paid the insurance claim filed by Student Loan Marketing Association and received assignment of the notes.  From 2011 to 2015, HHS attempted to work out a payment plan with the defendant to no avail.  The government then filed this lawsuit seeking to collect the $4,167.26 remaining on the loans, as well as court costs in the amount of $350.00.  Defendant did not file an Answer to the Complaint, but sent a letter to the court stating that he had made significant payments towards the loans, and cited to a recent case filed by the ACLU and National Consumer Law Center in the United States District Court for the District of Massachusetts, possibly to suggest that racial bias exists in the collection of student loans.

In that letter, defendant also requests the names and addresses of all creditors.  The creditor in this case is the United States of America, the plaintiff in this case.  Due to the pendency of this lawsuit, defendant is on notice of the name and address of all creditors.

## B. Legal Standard

Federal Rule of Civil Procedure 56(c) empowers the court to render

summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

## C. Analysis

Summary judgment is proper because there is no genuine issue of material fact. To recover on a promissory note, the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default. *United States. v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009). Plaintiff may establish these elements by producing a copy of the promissory note, and a certificate of indebtedness signed by a loan analyst under penalty of

perjury. *Id.* Once plaintiff establishes its prima facie case, the burden shifts to the defendant to show the nonexistence, extinguishment or variance in payment of the obligation. *Id.*

The government has met its burden here. The government has submitted copies of the promissory notes signed by defendant, (Doc. 10, Ex. A), a certificate of indebtedness signed under penalty of perjury by the acting chief of the debt referral section of HHS, (Doc. 10, Ex. B), and an affidavit by an accountant with HHS attesting to defendant's indebtedness in the amount of $4,167.26, plus interest, to the United States. (Doc. 10, Ex. C). Defendant has not responded to the motion for summary judgment. The court has considered, however, his letter to the court in response to the filing of the Complaint, and finds it deficient to overcome defendant's proofs.

## D. Conclusion

Accordingly, plaintiff's motion for summary judgment (Doc. 10) is GRANTED. Judgment shall enter in the amount of $4,167.26, plus interest from the date of the filing of the Complaint until the date of Judgment, plus court costs in the amount of $350.00, together with post judgment interest pursuant to 28 U.S.C. § 1961(a). The government is to submit a proposed

Judgment with interests and costs calculated up to the present date on or before January 17, 2017.

IT IS SO ORDERED.

Dated:  January 6, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 6, 2017, by electronic and/or ordinary mail and also on Randall W. Brown, 175 Coyote Run, Holly, MI  48442.

s/Barbara Radke
Deputy Clerk

---